ROBERT D. EASSA (BAR No. 107070)
Robert.Eassa@sedgwicklaw.com
DELIA ISVORANU (Bar No. 226750)
Delia.Isvoranu@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendants
CHEVRON CORPORATION and CHEVRON
PRODUCTS COMPANY (erroneously sued)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JACQUELINE BUTLER,<br><br>              Plaintiff,<br><br>       v.<br><br>CHEVRON CORPORATION, a Delaware Corporation, CHEVRON PRODUCTS COMPANY, and unknown entity, and DOES 1-25, inclusive,<br><br>              Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), AND 42 U.S.C. §12101 [ORIGINAL JURISDICTION]** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Chevron Corporation and Chevron Products Company (erroneously sued) ("Defendants") hereby remove this action entitled *Jacqueline Butler v. Chevron Corporation, et al.,* currently pending in the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California.  This Court has original/federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1441(a), (c), and 42 U.S.C. §12101.  In support of this removal, Defendants further state:

83421759v1

**THE REMOVED CASE**

1.    The removed case is a civil action filed by Plaintiff Jacqueline Butler ("Plaintiff") on May 20, 2016 in the Superior Court of the State of California, County of Contra Costa, entitled *Jacqueline Butler v. Chevron Corporation, Chevron Products Company, and Does 1 through 25*, Case No. C16-00966. (Complaint, Civil Summons, and Civil Case Cover Sheet, collectively attached hereto as Exhibit A.)

2.    Plaintiff's Seventh Cause of Action asserts a claim under 42 U.S.C. §12101, et seq., the Americans with Disabilities Act of 1990 ("ADA").

3.    Plaintiff served the Complaint, Civil Summons, and Civil Case Cover Sheet on Defendants on May 24, 2016.

**REMOVAL IS APPROPRIATE AND TIMELY**

4.    Removal is appropriate because this Court has original/federal question jurisdiction under 28 U.S.C. §§1331 and 1441(a) & (c) by virtue of Plaintiff's federal ADA claims under 42 U.S.C. §12101, et seq.

5.    Removal is timely because, pursuant to 28 U.S.C. §1446(b), the notice of removal of a civil action shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Defendants were served with the Summons and Complaint on May 24, 2016.  This Notice is being filed within thirty (30) days after the service of a copy of Plaintiff's Summons and Complaint and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

**JURISDICTION**

6.    Original, federal-question jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1441(a) by virtue of Plaintiff's Seventh Cause of Action under 42 U.S.C. §12101, et seq.

7.    Supplemental jurisdiction exists with regard to each of Plaintiff's state claims pursuant to 28 U.S.C. §1367(a) because the relationship between Plaintiff's ADA (42 U.S.C. §12101, et seq.) and state claims is such that they form part of the same case or controversy. Supplemental jurisdiction also exists pursuant 28 U.S.C. §1441(c).

83421759v1

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), AND 42 U.S.C. §12101, et seq. [ORIGINAL JURISDICTION]

**INTRADISTRICT ASSIGNMENT**

8.      The Northern District of California, San Francisco Division, is the appropriate division assignment because the state court Complaint was filed in the Superior Court of the State of California, Contra Costa County, and the Complaint alleges the incidents occurred in Richmond, California, which is in Contra Costa County.

**PAPERS FROM REMOVED ACTION**

9.      As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders in Defendants' possession in the removed case, and are incorporated herein by this reference.  True and correct copies of the Complaint, Civil Summons, and Civil Case Cover Sheet are collectively attached hereto as Exhibit A.

**ALL REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

10.     All Defendants join in and consent to the removal of this action to the United States District Court for the Northern District of California.

11.     Pursuant to 28 U.S.C. § 1446(d), promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served upon Plaintiff.

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court of California, County of Contra Costa.

13.     No previous application has been made for the relief requested herein.

14.     The prerequisites for removal under 28 U.S.C. §1441 have been met.

15.     The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California.

16.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a written brief and oral argument in support of their position that this case is removable.

17.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants hereby remove the action now pending in the Superior Court of the State of California, County of Contra Costa, Case No. C16-00966 to this Honorable Court, and request this Court to retain jurisdiction over the entire matter for all further proceedings.

83421759v1

1     DATED: June 23, 2016        SEDGWICK LLP

2

3                         By     /s/ *Delia A. Isvoranu*

4                               ROBERT D. EASSA
                                 DELIA A. ISVORANU

5                                Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sedgwick LLP

4

# EXHIBIT A

COPY

BY FAX

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

MAY 20 2016

STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ OZUNA
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHEVRON CORPORATION, a Delaware corporation; CHEVRON
PRODUCTS COMPANY; an unknown entity, and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACQUELINE BUTLER, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de Caso)* C16-00966 |
|---|---|

Superior Court of California, County of Contra Costa
725 Court Street, Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Clark, Tower Legal Group, P.C., 1510 J Street, Suite 125, Sacramento, CA 95814, (916) 361-6009

| DATE: MAY 20 2016 *(Fecha)* | Clerk, by *(Secretario)* S. OZUNA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Chevron Corporation, a Delaware corporation**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

COPY

FILED

MAY 20 2016

STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk
S. OZUNA

1  **TOWER LEGAL GROUP, P.C.**
   James A. Clark (SBN 278372)
2  Renee N. Parras (SBN 283441)
   1510 J Street, suite 125
3  Sacramento, CA 95814
   Ph:   (916) 361-6009
4  Fax:  (916) 361-6019
   E: james.clark@towerlegalgroup.com
5     renee.parras@towerlegalgroup.com

PER LOCAL RULES 5 THIS
CASE IS ASSIGNED TO
DEPT. ___31

6  Attorneys for Plaintiff
   JACQUELINE BUTLER
7

8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF CONTRA COSTA

10                 UNLIMITED CIVIL JURISDICTION

11

C16 - 00966

12  JACQUELINE BUTLER, an individual,          Case No.

13          Plaintiff,

14      v.                                      **COMPLAINT FOR DAMAGES:**

15  CHEVRON CORPORATION, a Delaware        1.  Disability Discrimination (Cal. Gov't
    corporation; CHEVRON PRODUCTS              Code § 12940(a));
16  COMPANY; an unknown entity, and DOES 1-  2.  Failure to Accommodate (Cal. Gov't
    25, inclusive,                             Code § 12940(m));
17                                          3.  Failure to Engage in an Interactive
            Defendants.                         Process (Cal. Gov't Code § 12940(n));
18                                          4.  Failure to Prevent Discrimination and
                                               Retaliation (Cal. Gov't Code §
19                                             12940(k));
                                            5.  Retaliation (Cal. Gov't Code §
20                                             12940(h));
                                            6.  Wrongful Termination in Violation of
21                                             Public Policy; and
                                            7.  Violation of the Americans with
22                                             Disabilities Act (42 U.S.C. § 12101, et
                                               seq.)
23

24                                          **DEMAND FOR JURY TRIAL**

25

26

27

28

COMPLAINT FOR DAMAGES – PAGE 1

BY FAX

SUMMONS ISSU

1   Plaintiff Jacqueline Butler alleges:

2   **<u>PARTIES</u>**

3   1.      At all relevant times, Plaintiff Jacqueline Butler (hereinafter "Plaintiff") was and is

4   an individual residing in the County of Contra Costa, State of California, and was employed by

5   Defendant Chevron Corporation (hereinafter "Defendant Chevron" or "Chevron") in the county of

6   Contra Costa, State of California.

7   2.      Plaintiff is informed and believes and thereon alleges that Defendant Chevron were

8   at all times material to this Complaint an employer of Plaintiff, doing business in the County of

9   Contra Costa, are entities subject to suit before this Court, and have their principal place of

10  business and headquarters in San Ramon, California.  Plaintiff is also informed and believes the

11  Defendant Chevron referred to itself as "Chevron Products Company" when communicating with

12  Plaintiff and others, and has not registered "Chevron Products Company" with the California

13  Secretary of State or Contra Costa County fictitious business names.  Therefore, Plaintiff is

14  informed and believes "Chevron Products Company" is outdated, and is no longer a recognized

15  entity within the state of California, or an internal department of Defendant Chevron Corporation.

16  3.      At all relevant times, Defendant Chevron was and is a corporation duly organized

17  and existing under the laws of the State of California. It is authorized to transact and is transacting

18  the business of providing goods and services throughout this State, including in the County of

19  Contra Costa.

20  4.      The true names, roles and capacities of Defendants named as Does 1 through 25,

21  inclusive, are currently unknown to Plaintiff and, therefore, are sued under fictitious names

22  pursuant to California Code of Civil Procedure section 474. If and when they are ascertained,

23  Plaintiff will identify their true identities and conduct. Because Defendants' conduct, as set forth

24  herein, was undertaken or authorized by Defendants' officers or managing agents, such

25  individuals' conduct was made on behalf of Defendants.  Moreover, Defendants had advance

26  knowledge of such conduct of said individuals whose actions were ratified, authorized, and

27  approved by officers or agents.

28

5.      For the purposes of this Complaint, each use of the term "Defendant(s)" and/or the term "Chevron Corporation" or "Chevron Products Company" or "Chevron" or "DOES 1-25" refers not only to the named Defendants set forth above, but also to DOES 1-25, collectively. Additionally, "Chevron Corporation", "Chevron Products Company", "Chevron" and "DOES 1-25" will hereinafter be referred to as "Defendants"

6.      Plaintiff is informed and believes and thereon alleges that there exists, and, at all times relevant to this Complaint, existed a unity of interests between the Defendants such that any individuality and separateness between these Defendants has ceased, and these Defendants are the alter ego of the other Defendants and extend control over each other.  Adherence to the fiction of the separate existence of these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

7.      Plaintiff is informed, believes, and, based thereon alleges that the fictitiously named Defendants were the agents, servants, and employees of Defendants and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval or subsequent ratification of the named Defendants.  Plaintiff is informed and believes and based thereon alleges that Defendants were dual employers or joint employers of Plaintiff at all relevant times of this Complaint.  Plaintiff further alleges that the Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control.  Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other. Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants.  Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

1        9.     Plaintiff is informed and believes and thereon alleges that Defendants are employers

2 subject to suit under the California Labor Code as they are organizations with employees and

3 individuals employed by an organization doing business in the State of California.

4       10.    Plaintiff is informed and believes and thereon alleges that Defendants are employers

5 subject to suit under the California Government Code and California Civil Code as they are

6 organizations with employees and individuals employed by an organization doing business in the

7 State of California.

8                       **VENUE AND JURISDICTION**

9       11.    Venue is proper because Plaintiff worked for Defendants in the County of Contra

10 Costa, State of California, and because Defendants were doing business in the County of Contra

11 Costa, State of California, that Contra Costa County is where Defendants' records relevant to the

12 alleged unlawful practices are maintained and administered, and that Contra Costa County is

13 Defendant Chevron's principal place of business.  Venue is also proper, pursuant to California

14 Government Code 12965(a), because the wrongful conduct that is alleged in this Complaint took

15 place in the County of Contra Costa.

16       12.    Pursuant to California Government Code 12965(a): "The civil action shall be

17 brought in any county in which unlawful practices are alleged to have been committed, in the

18 county in which records relevant to the alleged unlawful practices are maintained and

19 administered, or in the county in which the person claiming to be aggrieved would have worked or

20 would have had access to public accommodation, but for the alleged unlawful practices."

21       13.    Subject matter jurisdiction is met in this Court because the amount in controversy

22 exceeds $25,000.00.

23       14.    On or about June 27, 2012, and within the time provided by law, Plaintiff filed a

24 Complaint of Discrimination, Harassment and Retaliation with the Federal Equal Employment

25 Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing

26 ("DFEH").  On or about February 22, 2016, Plaintiff received her Right to Sue notice from the

27 EEOC.  EEOC Matter Number: 550-2012-01724 was assigned to Plaintiff's case.  (The Right to

28 Sue documentation is attached as **EXHIBIT A.**)

1      15.    At all times mentioned herein, the California Government Code and California

2  Labor Code were in full force and effect and were binding on Defendants.  Plaintiff is covered by

3  the protections against discrimination, harassment, and retaliation under the California

4  Government Code and California Labor Code.

5                **FACTS COMMON TO ALL CAUSES OF ACTION**

6      16.    Plaintiff began working for Defendants in or about December of 1979 in Richmond,

7  California.  Plaintiff was employed full time with Defendants in various positions for

8  approximately 31 years.

9      17.    In or about August of 2005, Plaintiff was diagnosed with mild to moderate high

10  frequency sensorineural hearing loss for both of her ears.   Plaintiff's hearing loss showed only

11  nominal improvement with the use of hearing aids.  Plaintiff's hearing was considered outside the

12  normal range both with and without her hearing aids in place.

13      18.    Due to Plaintiff's hearing disability, Plaintiff experienced communication

14  difficulties when the speaker was not face-to-face and/or significant background noise was present.

15  Additionally, Plaintiff's experienced grammar, syntax and pronunciation problems that were a

16  result of her hearing loss.

17      19.    In September of 2005, Plaintiff was given advice from Peggy Fleming, M.S.,

18  Learning Disability Specialist, that she should be given reasonable accommodations at her

19  workplace to ensure she could hear properly on the telephone, as well as computer software to

20  ensure her spelling and grammar was correct.  Plaintiff delivered these correspondences to

21  Defendants.

22      20.    From 2005 through 2009, Defendants accommodated Plaintiff's hearing disability

23  which permitted her to continue working.

24      21.    In or about November of 2009, Plaintiff's work station was moved in a large noisy

25  area with loud fans.  Plaintiff expressed her concerns to Defendants that she was impaired when

26  working in noisy areas due to her hearing disability.

27      22.    In May of 2010, Plaintiff was placed on a Performance Improvement Plan ("PIP").

28  During the PIP process, Plaintiff received feedback that she was "Slow" and "Strange".

1  Additionally, Plaintiff was reprimanded for spelling and grammar errors. Plaintiff was also

2  reprimanded for the amount of time she required to complete tasks when minimal expectations

3  were established.

4      23.    In August of 2010, Plaintiff complained to Defendants that she felt harassed by

5  managers of Defendants due to her hearing disability.

6      24.    On or about September 2, 2010, Plaintiff was informed her employment with

7  Defendants was going to be terminated, and she had the option of appealing her termination

8  internally with Defendants. Plaintiff was given appeal paperwork, and submitted to Defendants.

9  The appeal process undertook from October of 2010 through June of 2012.

10      25.    On or about June 21, 2012, Defendants informed Plaintiff her internal appeal was

11  denied, and her termination was effective June 21, 2012.

12      26.    On or about June 27, 2012, Plaintiff filed a complaint of discrimination, harassment

13  and retaliation with the Federal Equal Employment Opportunity Commission ("EEOC"), and was

14  given a charge number of 550-2012-01724. Additionally, this complaint was filed with the

15  California Department of Fair Employment and Housing ("DFEH"), whereas an immediate Right

16  to Sue was automatically issued. Plaintiff's right to sue through the California DFEH was tolled

17  while the EEOC investigated Plaintiff's complaint. The EEOC issued Plaintiff a Right to Sue on

18  February 22, 2016.

19      27.    Plaintiff has exhausted all administrative remedies available through the California

20  Department of Fair Employment and Housing ("DFEH") and all administrative remedies available

21  through the Federal Equal Employment Opportunity Commission ("EEOC"). Plaintiff now timely

22  brings this action.

23

24  **FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(a) et seq.)**

25  **(Against All Defendants)**

26      28.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

27  paragraphs as though fully stated here.

28

29.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

30.     At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under the California Labor and Government Codes.

31.     At all times mentioned in this Complaint, Defendants were "covered employers" under FEHA, Cal. Gov't Code § 12900, et seq., as Defendants employed 5 or more people to perform services for a salary or wage in the State of California.

32.     Plaintiff suffered from a disabling hearing condition during her employment with Defendants.  Plaintiff's disability hearing condition resulted in Plaintiff was subjected to discrimination and adverse employment action when she was not accommodated for her disability and terminated due to her disability.

33.     Plaintiff is informed and believes, and thereon alleges, that her disability was a substantial motivating reason for Defendants' decision to terminate her employment, in violation of Government Code § 12940, et seq.

34.     As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered special and economic damages, including but not limited to a substantial reduction in past and current income, individual medical and other benefits, and future earnings, and income potential, and will continue to so suffer in the future, in an amount to be proved at trial.

35.     As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

36.     As a direct and legal result of Defendants' conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

37.     Defendants, and each of them, aided, abetted, incited, compelled, and coerced unlawful employment practices in violation of the announced policy of this State against such practices.

1       38.     The unlawful conduct alleged above was engaged in by the officers, directors,

2 supervisors and managing agents of each of the Defendants who were acting at all times relevant

3 to this Complaint within the scope and course of their employment.  Defendants are liable for the

4 conduct of their agents and employees.

5       39.     Defendants committed the acts alleged maliciously, fraudulently and oppressively

6 in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts

7 alleged.  These acts were committed with the knowledge of employees' lack of fitness in the

8 workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants.

9 Plaintiff is therefore entitled to recover punitive damages from Defendants, except government

10 entities, in an amount according to proof at trial.

11

12                          **SECOND CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(m) et seq.)**

13                                 **(Against All Defendants)**

14       40.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding

15 paragraphs as though fully stated here.

16       41.     Defendants had an affirmative duty to make reasonable accommodations for

17 Plaintiff's disability. This duty arises even if an accommodation is not requested.  Defendants

18 breached this duty when they failed to offer reasonable accommodations to Plaintiff for her

19 disability.

20       42.     As a direct and legal result of the acts and omissions of Defendants, Plaintiff has

21 suffered special and economic damages, including but not limited to a substantial reduction in past

22 and current income, individual medical and other benefits, and future earnings, and income

23 potential, and will continue to so suffer in the future, in an amount to be proved at trial.

24       43.     As a direct and legal result of the acts and omissions of Defendants, Plaintiff has

25 suffered general damages including but not limited to shock, embarrassment, physical distress and

26 injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

27       44.     As a direct and legal result of Defendants' conduct, which violated the provisions of

28 Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

1 costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

2     45.     Defendants, and each of them, aided, abetted, incited, compelled, and coerced

3 unlawful employment practices in violation of the announced policy of this State against such

4 practices.

5     46.     The unlawful conduct alleged above was engaged in by the officers, directors,

6 supervisors and managing agents of each of the Defendants who were acting at all times relevant

7 to this Complaint within the scope and course of their employment.  Defendants are liable for the

8 conduct of their agents and employees.

9     47.     Defendants committed the acts alleged maliciously, fraudulently and oppressively

10 in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts

11 alleged.  These acts were committed with the knowledge of employees' lack of fitness in the

12 workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants.

13 Plaintiff is therefore entitled to recover punitive damages from Defendants, except government

14 entities, in an amount according to proof at trial.

15
16
17
               **THIRD CAUSE OF ACTION**
   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**
               **IN VIOLATION OF FEHA**
            **(CAL. GOV'T CODE § 12940(n))**
               **(Against All Defendants)**

18     48.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding

19 paragraphs as though fully stated here.

20     49.     Plaintiff was diagnosed with severe hearing loss that limited Plaintiff in major life

21 activities, including, but not limited to, working.  Defendants knew about Plaintiff's disability.

22 Despite her disability, Plaintiff was qualified and able to perform the essential functions of her job

23 with a reasonable accommodation.  Defendants failed to engage in the interactive process with

24 Plaintiff in order to implement reasonable accommodation of her disability.

25     50.     Defendants, by and through their supervisors and/or agents, discriminated and

26 retaliated against Plaintiff because of her disability. Plaintiff was subjected to discrimination and

27 adverse employment action by Defendants because her disability.

28

1      51.    Plaintiff is informed and believes, and thereon alleges, that her disability, along

2  with the possibility that she might require leave for treatment in the future, was a substantial

3  motivating factor in Defendants' decision to treat her differently from similarly situated non-

4  disabled employees. Plaintiff further alleges, on information and belief, that she was subjected to

5  different terms and conditions of employment than her non-disabled co-workers.

6      52.    Defendants' failure to engage in the interactive process was a substantial factor in

7  causing Plaintiff harm.

8      53.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has

9  suffered special and economic damages, including but not limited to a substantial reduction in past

10  and current income, individual medical and other benefits, and future earnings, and income

11  potential, and will continue to so suffer in the future, in an amount to be proved at trial.

12      54.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has

13  suffered general damages including but not limited to shock, embarrassment, physical distress and

14  injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

15      55.    As a direct and legal result of Defendants' conduct, which violated the provisions of

16  Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and

17  costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

18      56.    Defendants, and each of them, aided, abetted, incited, compelled, and coerced

19  unlawful employment practices in violation of the announced policy of this State against such

20  practices.

21      57.    The unlawful conduct alleged above was engaged in by the officers, directors,

22  supervisors and managing agents of each of the Defendants who were acting at all times relevant

23  to this Complaint within the scope and course of their employment.  Defendants are liable for the

24  conduct of their agents and employees.

25      58.    Defendants committed the acts alleged maliciously, fraudulently and oppressively

26  in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts

27  alleged.  These acts were committed with the knowledge of employees' lack of fitness in the

28  workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants.

Plaintiff is therefore entitled to recover punitive damages from Defendants, except government entities, in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA
### (CAL. GOV'T CODE § 12940(k) et seq.)
### (Against All Defendants)

59.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

60.   Defendants failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and failed to take immediate corrective action to remedy the discrimination, in violation of FEHA, Cal. Gov't Code § 12940(k).

61.   Specifically, Defendants failed to take any disciplinary measures to prevent and/or remedy the discrimination against Plaintiff, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination, or conducting a prompt and thorough investigation into Plaintiff's complaints of discrimination, harassment and retaliation that are the subject of this lawsuit.

62.   As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered special and economic damages, including but not limited to a substantial reduction in past and current income, individual medical and other benefits, and future earnings, and income potential, and will continue to so suffer in the future, in an amount to be proved at trial.

63.   As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

64.   As a direct and legal result of Defendants' conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

1   65.   Defendants, and each of them, aided, abetted, incited, compelled, and coerced

2   unlawful employment practices in violation of the announced policy of this State against such

3   practices.

4   66.   The unlawful conduct alleged above was engaged in by the officers, directors,

5   supervisors and managing agents of each of the Defendants who were acting at all times relevant

6   to this Complaint within the scope and course of their employment.  Defendants are liable for the

7   conduct of their agents and employees.

8   67.   Defendants committed the acts alleged maliciously, fraudulently and oppressively

9   in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts

10   alleged.  These acts were committed with the knowledge of employees' lack of fitness in the

11   workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants.

12   Plaintiff is therefore entitled to recover punitive damages from Defendants, except government

13   entities, in an amount according to proof at trial.

14   **FIFTH CAUSE OF ACTION**
    **RETALIATION IN VIOLATION OF FEHA**
15   **(CAL. GOV'T CODE § 12940(h) et seq.)**
    **(Against All Defendants)**

16

17   68.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding

18   paragraphs as though fully stated here.

19   69.   California law protects employees from retaliation for exercising the right to oppose

20   a practice prohibited by FEHA, Cal. Gov't Code, § 12900, et seq.

21   70.   Plaintiff complained to Defendants that she felt harassed by manager of Defendants

22   due to her hearing loss.  Plaintiff's complaint, and opposition to a practice prohibited by FEHA,

23   was not investigated through a complete, fair and thorough investigation.  Instead, Defendants

24   terminated Plaintiff's employment.

25   71.   Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

26   72.   Defendants committed unlawful retaliation in violation of Section 12940,

27   subdivision (h), by terminating Plaintiff for seeking accommodation and opposing disability

28   discrimination, practices prohibited by FEHA.

73.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered special and economic damages, including but not limited to a substantial reduction in past and current income, individual medical and other benefits, and future earnings, and income potential, and will continue to so suffer in the future, in an amount to be proved at trial.

74.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

75.    As a direct and legal result of Defendants' conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial or after trial motions.

76.    Defendants, and each of them, aided, abetted, incited, compelled, and coerced unlawful employment practices in violation of the announced policy of this State against such practices.

77.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of their agents and employees.

78.    Defendants committed the acts alleged maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts alleged.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, except government entities, in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against All Defendants)

79.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

80.   At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendant. FEHA prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

81.   It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mentally disability, [or] medical condition." Cal. Gov't Code § 12920.

82.   Defendants violated California public policy by terminating, actually and/or constructively, Plaintiff's employment because of her disability.  The termination was in violation of fundamental, substantial public policies of this state, including, but not limited to the FEHA the federal ADA and its amendments, and Title VII.

83.   As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered special and economic damages, including but not limited to a substantial reduction in past and current income, individual medical and other benefits, and future earnings, and income potential, and will continue to so suffer in the future, in an amount to be proved at trial.

84.   As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in an amount to be proved at trial.

85.   Defendants, and each of them, aided, abetted, incited, compelled, and coerced unlawful employment practices in violation of the announced policy of this State against such practices.

86.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of their agents and employees.

87.   Defendants committed the acts alleged maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and ratified the acts

1  alleged.  These acts were committed with the knowledge of employees' lack of fitness in the

2  workplace but were allowed to proceed, by officers, directors, and managing agents of Defendants.

3  Plaintiff is therefore entitled to recover punitive damages from Defendants, except government

4  entities, in an amount according to proof at trial.

5

6
## SEVENTH CAUSE OF ACTION
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12101, et seq.)
### (Against All Defendants)

7

8      88.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

9  paragraphs as though fully stated here.

10      89.    Plaintiff suffers from a "disability" within the meaning and scope of 42 U.S.C. §

11  12102. Accordingly, plaintiff is a member of the class of persons protected by 42 U.S.C. § 12112

12  and § 12203, which make it unlawful for an entity to discriminate against an individual with a

13  disability in employment, fail to provide reasonable accommodations to persons with disabilities,

14  and retaliate against any individual who opposes any unlawful practices.  Additionally, Plaintiff

15  has a physical or mental impairment that substantially limits one or more of her major life

16  activities (hearing, speaking, learning, and working); and/or has a record of such an impairment;

17  and/or is regarded as having such an impairment.

18      90.    As alleged herein, defendants discriminated against plaintiff because of her

19  disability, failed to provide reasonable accommodations to plaintiff, failed to engage in the

20  interactive process and retaliated against plaintiff for opposing unlawful practices by wrongfully

21  terminating her and/or by refusing to extend plaintiff's employment.

22      91.    The acts and omissions of defendants, and each of them, as aforesaid, were in

23  violation of 42 U.S.C. § 12101, et seq. Said statutes impose certain duties upon defendants, and

24  each of them, concerning discrimination against persons, such as plaintiff, on the basis of physical

25  disability. Said statutes were intended to prevent the type of injury and damage set forth herein.

26  Plaintiff is a member of the class of persons intended to be protected by said statutes.

27

28

1       92.     By the aforesaid acts and omissions of defendants, and each of them, plaintiff has

2   been directly and legally caused to suffer actual damages including, but not limited to, medical

3   expenses, attorney's fees, costs of suit, and other pecuniary loss not presently ascertained.

4       93.     As a further direct and legal result of the acts and conduct of defendants, and each

5   of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe

6   physical injuries, sickness and emotional and mental distress, anguish, humiliation,

7   embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said

8   injuries is presently unknown to plaintiff.

9       94.     Plaintiff is informed and believes and thereon alleges that defendants, and their

10   managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently,

11   and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and

12   evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights.

13   Moreover, defendants and their managers, officers, and/or directors authorized or ratified the

14   wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice.

15   As such, plaintiff is entitled to recover punitive damages from defendants under federal law in an

16   amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2.     For compensatory, general, and special damages, including front pay, in an amount according to proof;

3.     For declaratory relief in establishing Defendants violated the Fair Employment and Housing Act (FEHA), pursuant to California Government Code 12940 et seq.

4.     For injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendants conduct training for all

employees, supervisors, and management on the requirements of the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of the Fair Employment and Housing Act and the employer's internal grievance procedures;

5. For punitive damages;

6. For statutory attorneys' fees;

7. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8. For costs of suit;

9. For expert witness fees; and

10. For such other and further relief as the Court may deem just and proper.

DATED: May 20, 2016                          **TOWER LEGAL GROUP, P.C.**

By: _____
JAMES A. CLARK
Attorneys for Plaintiff Jacqueline Butler

## **DEMAND FOR JURY TRIAL**

Plaintiff Jacqueline Butler hereby demands trial by jury.

DATED: May 20, 2016                          **TOWER LEGAL GROUP, P.C.**

By: _____
JAMES A. CLARK
Attorneys for Plaintiff Jacqueline Butler

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Jacqueline Butler  
P.O. Box 70224  
155 South 31st Street  
Richmond, CA 94807

From:  Oklahoma City Area Office  
215 Dean A. McGee Avenue  
Suite 524  
Oklahoma City, OK 73102

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2012-01724 | James E. Habas, Investigator | (405) 231-5485 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Holly Waldron Cole,
Area Office Director

2/22/2016
(Date Mailed)

Enclosures(s)

cc:  Elaine Duncan Anduza  
Employee Relations Counselor  
CHEVRON CORPORATION HR  
6121 Bollinger Canyon Road  
San Ramon, CA 94583

**COPY**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>James A. Clark (SBN 278372)<br>Tower Legal Group, P.C.<br>1510 J. Street, Suite 125<br>Sacramento, CA 95814<br>TELEPHONE NO: (916) 361-6009    FAX NO: (916) 361-6019<br>ATTORNEY FOR *(Name):* Jacqueline Butler | **FOR COURT USE ONLY**<br>**FILED**<br>MAY 20 2016<br>STEPHEN H. NASH CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE<br>COUNTY OF CONTRA COSTA<br>By: S. OZUNA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Civil - Wakefield Taylor

CASE NUMBER: **C16-00966**

| CASE NAME:<br>Jacqueline Butler v. Chevron Corporation, et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | JUDGE: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: May 20, 2016

James A. Clark
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

**PROOF OF SERVICE**
*Jacqueline Butler, et al. v. Chevron Corporation, et al.*

I, the undersigned, declare:

I am a citizen of the United States and employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 Bush Street, 30th Floor, San Francisco, CA 94104-2834.

On the date noted below, I served a copy of the within document(s):

- **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), AND 42 U.S.C. §12101 [ORIGINAL JURISDICTION]**

   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to Federal Express Overnight for delivery.

   by causing said document(s) listed above to be personally delivered the person(s) set forth below.

   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below in the regular course of business. The documents were served electronically and the transmission was reported as complete and without error.

Tower Legal Group, P.C.                          Attorneys for Plaintiff
James A. Clark
Renee N. Parras
1510 J Street, Suite 125
Sacramento, CA 95814
Tel: 916-361-6009
Fax: 916-361-6019
James.clark@towerlegalgroup.com
Renee.parra@towerlegalgroup.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 23, 2016, at San Francisco, California.

*Rosemary Pereda*
Rosemary Pereda